UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRIS DAVISON, ) | |
| ) | |
| Plaintiff ) | **Case No.:** |
| ) | |
| v. ) | |
| ) | **COMPLAINT AND DEMAND FOR** |
| MEDICREDIT, INC., ) | **JURY TRIAL** |
| ) | |
| Defendant ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

CHRIS DAVISON ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MEDICREDIT, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Butler, Pennsylvania 16001.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a debt collection company with headquarters located at 3 City Place Drive, Suite 690, St. Louis, Missouri 63141.

8. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

10. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

11. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of

creditors using the U.S. Mail, telephone and/or internet.

12. The alleged debt Defendant was seeking to collect, a medical bill, arose out of transactions that were primarily for personal, family, or household purposes.

13. Beginning before December 2014, Defendant contacted Plaintiff on his cellular telephone seeking and demanding payment of the alleged debt.

14. When Defendant called, Plaintiff asked for written verification of the alleged debt and stated that Defendant should not call him during the workday because it was inconvenient for him to receive calls while at work.

15. Plaintiff also disputed owing the alleged debt Defendant, as Plaintiff understood that his health insurance would pay for his medical expenses.

16. In response, Defendant claimed Plaintiff had to make payment that day so that the alleged debt would not go on his credit report.

17. Defendant's threat caused Plaintiff stress and anxiety, as Plaintiff felt pressured to a pay a debt he believed was not owed and should not be paid without written verification from Defendant that the alleged debt was valid.

18. Despite Plaintiff's request, Defendant never sent Plaintiff any written correspondence evidencing the validity of the alleged debt.

19. Moreover, Defendant continued to contact on Plaintiff on his cellular telephone during the workday, despite being told it was inconvenient for him to

receive such calls while at work.

20. In addition, at no time prior to contacting him, during its first conversation with him, or within five (5) days of its initial communication with him, did Defendant inform Plaintiff that unless disputed within thirty (30) days the debt would be assumed to be valid; that if he notified the collector in writing within thirty (30) days that he disputed the debt, the collector would obtain verification of he debt or a copy of the judgment and mail a copy to him; or that if he notified the debt collector in writing within thirty (30) days, the debt collector would provide him with the name and address of the company to whom he originally owed the alleged debt.

21. Defendant's actions as described herein were made with the intent to harass, upset, deceive, and coerce payment from Plaintiff.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

22. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692c(a)(1).

    a. A debt collector violates § 1692c(a)(1) by communicating with a consumer at a time or place known to be inconvenient.

  b. Here, Defendant violated § 1692c(a)(1) by continuing to contact Plaintiff's while he worked, despite being told that it was inconvenient for him to receive calls during the workday.

## COUNT II

23. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692(e)(8) of the FDCPA.

  a. A debt collector violates § 1692e of the FDCPA by using any false, deceptive or misleading representations or means in connection with the collection of any debt.

  b. A debt collector violates § 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of any debt.

  c. A debt collector violates § 1692e(8) by communicating or threatening to communicate to any person credit information which is known to be false or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

  d. Here, Defendant violated §§ 1692e and 1692e(2)(A) of the FDCPA by representing that Plaintiff owed medical debt, when his medical expenses should have been paid under his health

insurance plan.

    e. Defendant violated § 1692e(8) by threatening to communicate the alleged debt to the various credit reporting agencies without noting that Plaintiff disputed the alleged debt because he understood that his health insurance would pay for the cost of his medical expenses.

## COUNT III

24. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692f and 1692f(1).

    a. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

    b. A debt collector violates § 1692f(1) of the FDCPA by collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

    c. Here, Defendant violated §§ 1692f and 1692f(1) of the FDCPA in its attempts to collect an amount from him that was not owed by him, and by threatening to report the debt to the credit

reporting agencies unless payment was made that day.

## COUNT IV

25. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(a).

    a. A debt collector violates § 1692g(a) of the FDCPA by failing, within five days after the initial communication with a consumer in connection with the collection of a debt, to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer

        with the name and address of the original creditor, if different from the current creditor.

b.    Here, Defendant violated § 1692g(a) of the FDCPA by failing to send Plaintiff written notification of his rights to dispute the debt, request verification of the debt and/or to request information about the creditor within five (5) days of its initial communication with him.

WHEREFORE, Plaintiff, CHRIS DAVISON, respectfully prays for a judgment as follows:

        a.    All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

        b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

        c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

        d.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CHRIS DAVISON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 06-24-15                    By: */s/ Craig Thor Kimmel*_____
                                              CRAIG THOR KIMMEL
                                              Attorney ID No. 57100
                                              Kimmel & Silverman, P.C.
                                              30 E. Butler Pike
                                              Ambler, PA 19002
                                              Phone: (215) 540-8888
                                              Fax: (877) 788-2864
                                              Email: kimmel@creditlaw.com